## IN THE UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF KANSAS

| | |
|---|---|
| **AJIT & HEM, LLC**, <br> a Kansas Limited Liability Company <br><br> Plaintiff, <br><br> v. <br><br> **FEDERATED MUTUAL INSURANCE COMPANY**, <br> a Minnesota corporation, <br> **Serve:** <br> Kansas Department of Insurance <br> Commissioner, Vicki Schmidt <br> 1300 Southwest Arrowhead Road, <br> Topeka, KS 66604 <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )     Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Ajit & Hem, LLC, a Kansas limited liability company, complaining of the

Defendant Federated Mutual Insurance Company, a Minnesota corporation, alleges and states:

## PARTIES

1.      Plaintiff Ajit & Hem, LLC, a Kansas limited liability company, whose two sole

members are residents of North Carolina, is the citizen of the State of Kansas.

2.      Defendant Federated Mutual Insurance Company, a Minnesota corporation,

("Federated") is a citizen of the State of Minnesota with a principal place of business located at

121 East Park Square, Owatonna, Minnesota 55060.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§1332, as this Court is a court of original jurisdiction having authority to hear all civil actions

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs, and is between citizens of different States.

1

4.      Further, Federated has submitted to this Court's jurisdiction by transacting business in Kansas and, in this instance, contracting to insure property or a risk located in Kansas at the time Federated contracted with Plaintiff Ajit & Hem, LLC, with the result that there are sufficient minimum contacts between Federated and the State of Kansas to satisfy constitutional due process under K.S.A. 60-308(b).

5.      Venue is proper in this judicial district in which a substantial part of the events giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in accordance with 28 U.S.C. §1391(b)(2).

## STATEMENT OF FACTS

6.      On or about June 19, 2023, Ajit & Hem, LLC entered into a contract with Federated, Policy Number 6172274 (the "Policy"). (A true and correct copy of the Policy, redacted for personally identifying information and personal financial information is attached hereto as Exhibit 1 and incorporated by reference as if fully set forth herein.)

7.      Under the terms of the Policy, Federated agreed to provide insurance for fire damage to the property located at 101 West Long Street, Dighton, Kansas (the "Property").

8.      Plaintiff paid all premiums due under the Policy in a timely manner.

9.      Plaintiff complied with all terms and conditions of the Policy.

10.     On or about January 6, 2024, a fire occurred at the Property, causing substantial damage.

11.     The fire damage to the property was covered under the terms of the Policy.

12.     Plaintiff provided timely notice of the fire loss to Federated in accordance with the Policy's requirements.

13.     Plaintiff submitted a claim with Federated for the fire damage in an amount up to and including all available limits under the Policy.

14.     Plaintiff cooperated with Federated's investigation, submission of documentation, proof of loss, and other claim-related activities.

15.     Federated denied Plaintiff's claim without just cause or excuse.

16.     Specifically, Federated denied Plaintiff's claim for the reasons set forth in May 28, 2025, correspondence from Federated to Plaintiff, contending, among other things, coverage for Plaintiff's claim was precluded by one or more policy exclusions, duties, or conditions.

17.     Federated's denial of Plaintiff's claim was wrongful and without reasonable basis in fact and law.

18.     As a result of Federated's wrongful conduct, Plaintiff has suffered damages including but not limited to the cost of replacing the fire-damaged property, loss of accounts receivable and business income, debris removal and/or building ordinance or law costs and expenses, loss of business personal property, spoilage, and other consequential losses.

## COUNT I
## BREACH OF CONTRACT

19.     Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 through 18 as if fully set forth herein.

20.     The Policy is a valid and enforceable contract between Plaintiff and Federated.

21.     Plaintiff is entitled to recover from Federated all coverage available under the, including but not limited to the limit of insurance set forth in the Policy's Supplemental Declarations and any other applicable provisions, limits, or deductibles—an amount that is not less than $1,356,000.00.

22.     Plaintiff performed all obligations required under the Policy.

3

23. Plaintiff paid all premiums due under the Policy.

24. Plaintiff complied with all notice and claim filing requirements under the Policy.

25. Plaintiff cooperated with the Federated's investigation of the claim.

26. Federated breached the Policy by failing to pay Plaintiff's valid claim for fire damage.

27. Federated's denial of Plaintiff's claim constituted a breach of Defendant's obligations under the Policy.

28. As a direct and proximate result of Federated's breach, Plaintiff has suffered damages.

29. Plaintiff's damages include the amount of the unpaid insurance claim, which is including but not limited to the cost to replace the fire-damaged property, loss of accounts receivable and business income, debris removal and/or building ordinances or law expenses, loss of business personal property, spoilage, and other consequential losses in an amount not less than the available limits under the applicable Policy.

30. Plaintiff's damages also include consequential damages such as business interruption losses and additional cost due to repair or replace the insured location situated at 101 W. Long Street, Dighton, KS.

## COUNT II
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

31. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 through 30 as if fully set forth herein.

32. The Policy contains an implied covenant of good faith and fair dealing.

33. Under this implied covenant, Federated was obligated to act in good faith in handling Plaintiff's claim and to deal fairly with Plaintiff.

34.    Plaintiff performed all obligations required under the Policy.

35.    Plaintiff paid all premiums, provided timely notice of loss, filed a proper claim, and cooperated with Federated's investigation.

36.    Federated breached the implied covenant of good faith and fair dealing.

37.    Federated acted in bad faith by denying Plaintiff's claim without just cause or excuse and, as such, Plaintiff is entitled to recover costs and expenses, including attorney's fees, pursuant to K.S.A. 40-256.

38.    In addition, and in the alternative, Plaintiff is entitled to recover costs and expenses, including attorney's fees, because the Policy insures property in Kansas against loss by fire, tornado, lightning or hail, with the result that in rendering judgment the Court should allow Plaintiff's a reasonable sum for attorney's fees in this action, including proceedings upon appeal to be recovered and collected as part of the costs because Federated failed and refused to tender any payment before the commencement of this action.

39.    As a direct and proximate result of Federated's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages.

40.    Plaintiff's damages include the amount of the unpaid insurance claim, consequential damages, and costs and expenses, including attorney's fees, as proscribed by K.S.A. 40-256 and/or 40-908 referenced above.

### COUNT III
### UNJUST ENRICHMENT

41.    Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 through 40 as if fully set forth herein.

42.    Federated received a benefit from Plaintiff in the form of premium payments under the Policy.

43. Plaintiff paid premiums to Defendant in the full amount called for by the express terms of the Policy.

44. Federated knew of the benefit it received from Plaintiff's premium payments.

45. Federated accepted and retained Plaintiff's premium payments.

46. It would be inequitable for Federated to retain Plaintiff's premium payments without providing the insurance coverage promised under the Policy.

47. When Plaintiff suffered a covered fire loss and filed a valid claim, Federated refused to pay the claim.

48. By retaining Plaintiff's premiums while refusing to pay Plaintiff's valid claim, Federated has been unjustly enriched at Plaintiff's expense.

49. As a result of Federated's unjust enrichment, Plaintiff has suffered damages and is entitled to restitution.

50. Further, Plaintiff is entitled to recover the value of the benefit conferred upon the Defendant, including but not limited to the cost of replacing the fire-damaged property, loss of accounts receivable and business income, debris removal and/or building ordinances or law expenses, loss of business personal property, spoilage, and other consequential losses in an amount not less than the available limits under the applicable Policy.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff as follows:

  a. Compensatory damages against Federated Mutual Insurance Company in the amount of the available limits under the applicable Policy, representing the amount of the insurance claim wrongfully denied by Defendant, the cost of

repairs or replacement of the property damaged in the fire, and any other losses covered by the Policy.

b.  Consequential damages against Federated Mutual Insurance Company in an amount to be proven at trial, including but not limited to business interruption losses, additional repair or replacement costs due to delay, and other indirect losses caused by Defendant's wrongful denial in payment.

c.  Statutory costs and expenses, including attorney's fees, against Federated Mutual Insurance Company pursuant to K.S.A. 40-256 and/or 40-908.

d.  Prejudgment interest against Federated Mutual Insurance Company at the legal rate of interest from the date the claim should have been paid until the date of judgment.

e.  Post-judgment interest against Federated Mutual Insurance Company pursuant to interest on judgments under applicable state or federal law.

f.  Restitution against Federated Mutual Insurance Company in the amount of premiums paid by Plaintiff under the Policy.

g.  Any other relief necessary to achieve justice.

### DEMAND FOR JURY TRIAL

Demand is hereby made for trial by jury of all issues so triable, as a matter of right.

### DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas, as the place of trial of this action.

7

Respectfully submitted,

**FOULSTON SIEFKIN LLP**

*/s/ Brian G. Boos*
Brian G. Boos, KS# 13714
7500 College Boulevard, Suite 1400
Overland Park, KS 66210
T: 913.832.8199
F: 913.498.2101
bboos@foulston.com
**ATTORNEY FOR PLAINTIFF
AJIT & HEM, LLC**

8