IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AJIT & HEM, L.L.C.,

Plaintiff,

v.

FEDERATED MUTUAL INSURANCE COMPANY,

Defendant.

Case No. 26-cv-2184-HLT-JBW

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Answer Counterclaim Out of Time (Dkt. 22). Plaintiff requests leave pursuant to Fed. R. Civ. P. 6(b) to file out of time its answer to Defendant's counterclaims. Defendant opposes the motion, arguing that Plaintiff has not carried its burden to show excusable neglect under Rule 6(b)(1)(B) and failed to comply with D. Kan. Rule 15.1's requirement that its proposed answer be attached to its motion. As explained below, Plaintiff's motion is granted.

## I. Background

Plaintiff filed its Complaint (Dkt. 1) on April 7, 2026, alleging Defendant breached an insurance policy by denying Plaintiff's claim for fire losses to its commercial property.[1] After being granted an extension of time, Defendant filed two responsive pleadings on June 4, 2026: (1) Partial Motion to Dismiss (Dkt. 7) and (2) Answer and Affirmative Defenses To Plaintiff's Complaint and Counterclaim (Dkt. 8). Defendant included two counterclaims for breach of contract and unjust enrichment in its Counterclaim.

[1] Plaintiff also asserted two other counts for breach of the implied covenant of good faith and fair dealing, and unjust enrichment that were subsequently dismissed with prejudice on June 30, 2026 (Dkt. 12). In response, the Court denied as moot Defendant's Partial Motion to Dismiss (Dkt. 13).

On July 28, 2026, the Court held a scheduling conference. Prior to the conference, the parties provided their jointly proposed scheduling order with the following brief summary of the nature of the case:

> Action on insurance policy to recover benefits for fire loss at grocery store. Subject-matter jurisdiction exists based on diversity of citizenship and amount in controversy under 28 U.S.C. § 1332. Plaintiff claims that the subject loss comes within the policy's insuring agreement and no applicable exclusion precludes coverage. Defendant claims that such loss does not come within the policy's insuring agreement or is precluded by one or more applicable exclusions. The nature and extent of the loss is also disputed.

During the scheduling conference, there was no mention of Defendant's counterclaims, nor did Defendant raise an issue with respect to Plaintiff's failure to respond to the counterclaims, even though Plaintiff's deadline to respond to the counterclaims had passed a month prior on June 25, 2026.

On August 19, 2026, Defendant filed its Application for Clerk's Entry of Default (Dkt. 20) against Plaintiff for failure to plead or otherwise defend in response to Defendant's counterclaims. On September 3, 2026, Plaintiff filed a motion seeking leave to file its answer to Defendant's counterclaims out of time. Defendant filed a response (Dkt. 23) arguing that Plaintiff failed to establish excusable neglect and failed to attach its proposed answer as required by D. Kan. Rule 15.1. Plaintiff filed a reply (Dkt. 24) on September 14, 2026 and attached its proposed answer to Defendant's counterclaims.

## II. D. Kan. Rule 15.1(a)(2) Requirement to Attach the Proposed Pleading

As an initial matter, the Court addresses Defendant's argument that Plaintiff's motion should be denied for failure to comply with D. Kan. Rule 15.1(a)(2). This local rule requires a party filing a motion for leave to file a pleading that may not be filed as a matter of right must "attach the proposed pleading." Plaintiff did not attach its proposed counterclaim answer to its motion as required by D. Kan. Rule 15.1(a)(2). However, in its reply, Plaintiff corrected this by

filing its proposed answer as an exhibit. As none of the arguments for or against granting Plaintiff leave to file its answer are tied to the substance of Plaintiff's proposed answer, the Court will not deny Plaintiff's motion on this basis.

### III. Whether Plaintiff Should be Granted Leave Under Fed. R. Civ. P. 6(b)(1)(B) to File its Answer to Defendant's Counterclaims Out of Time

Plaintiff acknowledges in its motion that it failed to timely file an answer to Defendant's counterclaims but explains that its counsel misread the answer and mistakenly understood Defendant's counterclaims to be affirmative defenses to the complaint. Plaintiff asks the Court to grant it leave to file its answer to the counterclaims out of time under Rule 6(b) by finding it has shown excusable neglect for its failure to answer before the original deadline. Defendant argues that Plaintiff has not carried its burden to show excusable neglect under the four factors the Court considers before allowing an untimely answer.

#### A. Law Regarding Motions Seeking Leave to File Answer Out of Time

Under Federal Rule of Civil Procedure 6(b)(1)(B), the court may allow an untimely filing "if the party failed to act because of excusable neglect." A finding of excusable neglect depends on four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."[2] The most important factor is the reason for the delay and an inadequate explanation for the delay may, by itself, be sufficient to reject a finding of excusable neglect.[3] "The decision to permit the

---

[2] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (citation omitted).

[3] *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

late filing of a pleading lies within the court's discretion, and 'the preferred disposition of any case is upon its merits and not by default judgment.'"[4]

### B. Whether Plaintiff Has Shown Excusable Neglect Under the Four Factors

#### 1. Prejudice to Defendant

With respect to the first factor, Plaintiff argues Defendant will not be prejudiced because this case is still in its early stages, with discovery underway and a mediation scheduled for October 14, 2026. Plaintiff points out the discovery deadline is not until February 2027 so the parties will have at least five months after the proposed answer is filed to conduct discovery. Defendant acknowledges it will suffer only "limited" prejudice in allowing Plaintiff to file its answer to the counterclaims out of time. The Court finds this factor weighs in favor of granting the motion.

#### 2. Length of Delay and Impact on Judicial Proceedings

The second factor also weighs in favor of granting Plaintiff's motion as the 70-day delay is relatively short and will have a minimal impact on this case, which is still in the relatively early stages of discovery.[5] Plaintiff's answer to the counterclaims was due June 25, 2026, Defendant filed its application for a clerk's entry of default on August 19, 2026, and Plaintiff filed its motion requesting leave to file its answer to the counterclaim out of time on September 3, 2026. Plaintiff promptly filed its motion two weeks after Defendant filed its application for clerk's entry of default and presumably when Plaintiff first realized it had not filed an answer to Defendant's counterclaims.

---

[4] *Claimsolution, Inc. v. Claim Solutions, LLC*, No. 17-2005-JWL-GEB, 2017 WL 2225225, at *2 (D. Kan. May 22, 2017) (internal citations omitted).

[5] *See Welch v. Centex Home Equity Co., LLC*, No. 03-2132-JWL-DJW, 2004 WL 2348295, at *1 (D. Kan. Apr. 23, 2004) (two-month delay between the original deadline and the request for leave is "relatively innocuous").

### 3. Reason for Delay and Whether it Was in Plaintiff's Control

As to the third factor, Plaintiff candidly admits its failure to timely respond was due to its counsel overlooking Defendant's counterclaims in the answer. Defendant argues Plaintiff has not offered a persuasive, adequate reason for its noncompliance and has even conceded that the delay was within its counsel's control. According to Defendant, this "concession is dispositive" on this factor under the Tenth Circuit case *Perez v. El Tequila, LLC*.[6] In its reply, Plaintiff argues *Perez* confirms but does not limit this Court's discretion as Defendant argues. Plaintiff further argues *Perez* is distinguishable from this case in that it affirmed the district court's denial of leave under the abuse-of-discretion review standard. Plaintiff also argues the district court in *Welch v. Centex Home Equity Co., LLC*[7] granted a similar motion on materially identical facts.

Courts in this District have recognized, based on the Supreme Court decision in *Pioneer*,[8] that excusable neglect may also "extend to delays caused by inadvertence, mistake, carelessness, or ignorance of court rules, not just to delays caused by circumstances beyond a party's control."[9] The determination as to whether neglect of a deadline is excusable "is an equitable one, taking account of all relevant circumstances surrounding the party's omission."[10] A finding of excusable neglect under Rule 6(b) requires both a demonstration of good faith by the party seeking the

---

[6] 847 F.3d 1247, 1253 (10th Cir. 2017).

[7] 2004 WL 2348295.

[8] 507 U.S. at 388–89.

[9] *D-J Eng'g, Inc. v. 818 Aviation, Inc.*, No. 14-1033-JWB, 2018 WL 2046829, at *2 (D. Kan. May 2, 2018); *Deutsch v. Robro Royalty Partners, Ltd.*, No. 15-1092-MLB, 2015 WL 3504435, at *1 (D. Kan. June 3, 2015).

[10] 507 U.S. at 395.

enlargement, as well as a finding that there was a "reasonable basis for not complying within the specified period."[11]

In *Perez*, the Tenth Circuit affirmed the district court's denial of the defendant's motion to file an out-of-time answer, concluding the lower court did not abuse its discretion in finding defendant had not made a showing of excusable neglect.[12] The only factor the district court found that weighed against the defendant was its reason for the delay, which was counsel's failure to properly docket the answer's due date.[13] The Court finds *Perez* merely reaffirms that "[t]he most important factor is the third; an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect."[14] It does not support Defendant's contention that Plaintiff's concession the delay was within its control is "dispositive" on the third factor. Since *Perez*, courts in this District have held that administrative errors and oversights in the moving party's control can be a valid basis to find excusable neglect.[15]

Here, the actions of Plaintiff's counsel in overlooking Defendant's inclusion of counterclaims in its answer were within Plaintiff's control but can be characterized as a mistake or carelessness for purposes of showing excusable neglect. The Court also finds there is a

---

[11] *In re Four Seasons Sec. L. Litig.*, 493 F.2d 1288, 1290 (10th Cir. 1974).

[12] *Perez*, 847 F.3d at 1253.

[13] *Id.*

[14] *Id.*

[15] *See Dorsey v. Soucie*, No. 25-2006-JAR-BGS, 2026 WL 509449, at *4 (Feb. 24, 2026) (administrative error due to counsel's oversight and confusion during the transition from a sealed to an unsealed pleading was valid basis to find excusable neglect); *Hall v. Life Care Centers of America, Inc.*, No. 16-2729-JTM-KGG, 2018 WL 2035966, at *2 (D. Kan. May 1, 2018) (inadvertence caused by an administrative error in failing to calendar deadline established excusable neglect).

reasonable explanation contributing to Plaintiff's oversight. Although the first page of Defendant's answer included "Counterclaim" in the title, Defendant did not include "counterclaim" on the face of the docket sheet when it filed the answer. This made the counterclaim easy to overlook in the 19-page document (the counterclaim started at page 10). Furthermore, there was no mention of Defendant's counterclaims in the parties' proposed scheduling order or in Defendant's Fed. R. Civ. P. 26(a)(1)(A) initial disclosures submitted to the Court. Confusingly, Defendant stated in its initial disclosures that "is not asserting any claim for damages in this litigation at this time." Under these circumstances, the Court finds Plaintiff provided an adequate reason and explanation why it failed to timely file its answer to Defendant's counterclaims. The third factor favors granting Plaintiff's motion.

#### 4. Whether Movant Acted in Good Faith

Finally, there is no indication that Plaintiff's counsel acted in bad faith, and thus this factor weighs in favor of granting Plaintiff's motion. After considering all four factors, the Court finds that Plaintiff has met its burden to show excusable neglect under Fed. R. Civ. P. 6(b)(1)(B) to allow it to file its answer to Defendant's counterclaims out of time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Answer Counterclaim Out of Time (Dkt. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file out of time its proposed Answer to Defendant's Counterclaim, reflected on the docket as Exhibit A to Plaintiff's Reply (Dkt. 24-2). Plaintiff shall file it by **September 28, 2026**.

IT IS SO ORDERED.

Dated September 23, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge